```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                    MIDDLE DISTRICT OF PENNSYLVANIA


JOHN R. DALEY, JR.,                   :
                                      :
        Petitioner                    :    No. 4:CV-05-1955
                                      :
    vs.                               :    Petition Filed 09/01/05
                                      :
WARDEN, FCI SCHUYLKILL,               :    (Judge Muir)
                                      :
        Respondent                    :    (Magistrate Judge Smyser)
```

ORDER

January 19, 2006

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On December 21, 2005, we issued an order in which we, *inter alia*, 1) granted John R. Daley, Jr.'s petition for habeas corpus relief by requiring the Federal Bureau of Prisons immediately to consider in good faith whether or not Daley should be transferred to a community corrections center, and 2) closed this case.  The only claim in Daley's petition was that the Bureau of Prisons improperly decided the amount of his sentence which could be served at a community corrections facility.  The Bureau of Prisons had previously construed the governing regulations as limiting the amount of time that could be served in such a facility to no more than ten percent of Daley's sentence.  As a result of the recent decision by the Court of Appeals for the Third Circuit in Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005), the Bureau of Prisons may allow an inmate to

serve more than ten percent of his sentence at a community corrections center.

On December 28, 2005, Daley filed a document entitled "Re: 'Mandatory Affirmative Mandamus Relief.'"  One portion of the document states the following: "Now here comes ... Petitioner ... and '<u>Motions</u>' to the U.S. District Court of Pennsylvania ... <u>and</u> Judge Muir ... in regards to ... habeas corpus petition, No. CV-05-1955." (Document 17)(Emphasis in original)  Based on those assertions, it appears as though Daley intends the document to be considered a motion filed in connection with his habeas corpus petition and we view it as such.

A brief in support of the motion was due to have been filed by January 17, 2006.  To this date no such brief has been filed.  Daley's failure to file such a brief is one reason to deny his motion. *See* M.D. Local Rule 7.5.  However, that is not the only reason to reach such a conclusion.

The basis for the motion is Daley's displeasure with the Bureau of Prisons's decision to place him in a community corrections center in Philadelphia, Pennsylvania.  Daley objects and would prefer to be placed in such a facility in or near New York City.

The Court of Appeals for the Third Circuit in <u>Woodall</u> cited with approval case law from other Courts of Appeals holding that "a federal criminal defendant seeking to challenge the manner,

2

location, or conditions of a sentence's execution must proceed with a petition for habeas corpus, brought pursuant to § 2241 ...." Woodall, 432 F.3d 235, 243 n.7 (3d Cir. 2005)(quoting United States v. Paige, 369 F.Supp.2d 1257, 1259 (D.Mont.2005)).

The habeas corpus petition Daley filed under the above caption did not include any challenge to the location at which he would serve his sentence in a community corrections center. In the event Daley wishes to pursue such a challenge, we are of the view that he is required to file another habeas corpus petition after exhaustion of his available administrative remedies. Under the circumstances of this case, Daley should provide the Bureau of Prisons an opportunity to address his challenge to the location of the community corrections center in which he will be placed before proceeding by way of a federal habeas corpus petition.

We will deny his motion for mandamus relief.

NOW, THEREFORE, IT IS ORDERED THAT:

Daley's motion for a writ of mandamus (Document 17) is denied.

s/Malcolm Muir
MUIR, U.S. District Judge

MM:ga