UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JOHN R. DALEY, JR.,                    :
                                       :
         Petitioner                    :   No. 4:CV-05-1955
                                       :
     vs.                               :   Petition Filed 09/01/05
                                       :
WARDEN, FCI SCHUYLKILL,                :   (Judge Muir)
                                       :
         Respondent                    :   (Magistrate Judge Smyser)


ORDER

February 22, 2006

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On September 1, 2005, Petitioner John R. Daley, Jr., filed a
*pro se* motion for post-conviction relief pursuant to 28 U.S.C. §
2255.  One of Daley's claims was that the Federal Bureau of
Prisons improperly applied certain regulations regarding the
amount of time which an inmate may serve in a community
corrections center before being released into society.  On
December 21, 2005, we issued an order in which we agreed with
Daley and remanded this case to the Bureau of Prisons.

On January 25, 2006, Daley filed a document entitled
"'Clarification of Attorney Fees' And (Command/Order) 'Of Money
Disbursement to Petitioner.'" (Emphasis in original)  The
document is essentially a motion for attorney's fees and we will
construe it as such.

A brief in support of the motion was due to have been filed

by February 13, 2006.  To this date no such brief has been filed.

Daley's failure to file a supporting brief is one reason to deny

his motion for attorney's fees.  *See* M.D. Local Rule 7.5 (failure

to file supporting brief may result in court denying motion on

the basis that it has been withdrawn).  However, that is not the

only reason.

Our research has failed to reveal any reported decision

supporting Daley's motion for attorney's fees.  The cases we

found have unanimously held that a *pro se* litigant is not

entitled to recover attorney's fees as a result of litigating his

or her own case.

In the context of a *pro se* plaintiff's civil rights action,

the United states Supreme Court observed that "[t]he Circuits are

in agreement ... on the proposition that a *pro se* litigant who is

*not* a lawyer is *not* entitled to attorney's fees." Kay v. Ehrler,

499 U.S. 432, 435 n.5, 111 S.Ct. 1435, 1436 n.5 (1991)(Emphasis

in original)(citing Gonzalez v. Kangas, 814 F.2d 1411 (9th Cir.

1987); Smith v. DeBartoli, 769 F.2d 451, 453 (7th Cir. 1985),

cert. denied, 475 U.S. 1067, 106 S.Ct. 1380 (1986); Turman v.

Tuttle, 711 F.2d 148 (10th Cir. 1983)(*per curiam*); Owens-El v.

Robinson, 694 F.2d 941 (3d Cir. 1982); Wright v. Crowell, 674

F.2d 521 (6th Cir. 1982)(*per curiam)*; Cofield v. Atlanta*, 648

F.2d 986, 987-988 (5th Cir. 1981); Lovell v. Snow, 637 F.2d 170

(1st Cir. 1981); Davis v. Parratt, 608 F.2d 717 (8th Cir.

2

1979)(*per curiam*)).  Although Daley's request for attorney's fees arises in a different context (a habeas corpus proceeding filed pursuant to 28 U.S.C. § 2255) we see no reason to deviate from the holdings of those cited cases.

In the absence of any case law supporting his position, Daley relies primarily upon 18 U.S.C. § 3006A in his motion for attorney's fees.  For the purposes of this order we will presume that the statute, which expressly applies only in criminal cases, applies to habeas corpus proceedings.  The relevant text of the statute provides that

> [a]ny attorney appointed pursuant to this section or a bar association or legal aid agency or community defender organization which has provided the appointed attorney shall, ..., be compensated ....

18 U.S.C. § 3006A(d)(1).  Daley is neither an attorney nor one of the organizations identified in the statute as being entitled to payment.

We will deny Daley's motion for attorney's fees.

NOW, THEREFORE, IT IS ORDERED THAT:

Daley's motion for attorney's fees (Document 17) is denied.


s/Malcolm Muir
MUIR, U.S. District Judge

MM:ga

3